**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 31 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DANNY R. NEUBAUER also known
as Dan Neubauer,

Defendant-Appellant.

No. 01-3064

(D.C. No. 99-CR-20095-KHV)

(D. Kan.)

ORDER AND JUDGMENT[*]

Before **SEYMOUR** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f).  The case is therefore submitted without

oral argument.

Defendant-Appellant Danny R. Neubauer appeals the district court's two-

level enhancement under U.S.S.G. § 2F1.1(b)(2)(A) for more than minimal

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

planning in committing bank fraud in violation of 18 U.S.C. § 1344(2). We exercise jurisdiction pursuant to 28 U.S.C. § 1291.

Appellant opened an account at Merrill Lynch in Overland Park, Kansas, on July 8, 1998. The account balance never exceeded $500. However, on November 24, 1998, Appellant opened an account with Community America Credit Union by depositing a check in the amount of $2,120.22 that was drawn on the Merrill Lynch account. Appellant received cash back in the amount of $1,800.00. Thereafter, from December 2 to December 7, 1998, Appellant conducted eleven other transactions and obtained $26,753.00 by depositing checks from the Merrill Lynch account into the Community America account and either receiving cash back or writing checks to third parties drawn on the Community America account.

In an investigation conducted by the Secret Service, Appellant admitted that he knew that the Merrill Lynch account contained insufficient funds to cover any of the checks that he had written to the Community America account. Subsequently, Appellant was named in a nine-count indictment filed in the United States District Court for the District of Kansas, charging Appellant with bank fraud in violation of 18 U.S.C. § 1344(2). On September 7, 2000, Appellant pled guilty to one of the counts. Nevertheless, he objected to the presentence investigation report's recommendation that he receive a two-level enhancement

under U.S.S.G. § 2F1.1(b)(2)(A) for more than minimal planning in committing the fraud. After considering Appellant's objection and the government's response, the district court adopted the presentence report's recommendation and applied the two-level enhancement to Appellant's sentence. Appellant appeals the district court's decision.

The question of whether an offense involved "more than minimal planning" is a factual determination, which we review for clear error. See United States v. Hill, 197 F.3d 436, 446 (10th Cir. 1999); United States v. Orr, 68 F.3d 1247, 1253 (10th Cir. 1995), cert. denied, 516 U.S. 1064 (1996). The Sentencing Guidelines define "more than minimal planning" in the following manner:

> "More than minimal planning" means more planning than is typical for commission of the offense in a simple form. "More than minimal planning" also exists if significant affirmative steps were taken to conceal the offense, other than conduct to which § 3C1.1 (Obstructing Justice or Impeding the Administration of Justice) applies.

> "More than minimal planning" is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune. Consequently, this adjustment will apply especially frequently in property cases.

U.S.S.G. § 1B1.1, comment. n.1(f) (emphasis added). The district court, after considering Appellant's objection to the enhancement and the government's response, stated: "I agree with the Government's position on this. I think this is a classic case, in fact, where the enhancement is justified. There's no evidence

that this was purely opportune and your objection is overruled." R., Vol. III, at 26.

Appellant now contends that he made no efforts to conceal his fraud and that his scheme was relatively simple. The government does not dispute that the concealment of his fraud was at most minor. However, as the government points out, § 1B1.1 presents three types of activities, each of which may constitute more than minimal planning: (1) "more planning than is typical for commission of the offense in a simple form;" (2) "affirmative steps . . . to conceal the offense;" and (3) "repeated acts over a period of time, unless it is clear that each instance was purely opportune." U.S.S.G. § 1B1.1, comment. n.1(f). District courts may find that an enhancement is warranted under any of the three types of activities; here, the court analyzed Appellant's activities under the third test. The court found that Appellant engaged in thirteen transactions over a period of two weeks and that there was no evidence that any of the them were "purely opportune."

Moreover, Appellant's contention that "the span of time in the present case was brief and the acts of withdrawal were all part of the required 'scheme'" is unavailing. Appellant's Br. at 9. We have approved the "more than minimal planning" enhancement for "repeated acts over a period of time" in cases in which defendants acted over briefer periods in carrying out a single scheme. See Hill, 197 F.3d at 446 (involving six transactions planned and executed over twelve

days); <u>United States v. Lee</u>, 973 F.2d 832, 833 (10th Cir. 1992) (involving six transactions on six occasions). We cannot say that the district court clearly erred in doing so here.

Thus, we readily hold that the district court did not commit clear error in finding that Appellant's bank fraud was committed by "repeated acts over a period of time," in satisfaction of the two-level enhancement for more than minimal planning.

AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge